LORETZ v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department.    October 25, 1898.)

VENUE—CHANGE.
> Where plaintiff laid the venue of the action in a county where neither party resided, he will not be permitted to change it to the county where he resided, upon defendant's motion to change it to the county wherein it was located.

Appeal from special term, Queens county.

Action by John B. Loretz against the Metropolitan Street-Railway Company.    From an order denying defendant's motion to change the place of trial, it appeals.    Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry A. Robinson and Charles R. La Rue, for appellant.
Arthur C. Coffey, for respondent.

WILLARD BARTLETT, J.    The plaintiff laid the venue of this action in Queens county, although he resided in Kings county; and the defendant corporation had its place of business and carried on business exclusively in the county of New York.    The defendant made the necessary demand that the place of trial be changed to New York, as the proper county, on the ground that neither of the parties resided in Queens, and, upon the plaintiff's neglect to comply with the demand, applied to the court to have the venue changed accordingly.    The learned judge at special term denied the defendant's motion, and made an order, against the wish of defendant's counsel, changing the place of trial to the county of Kings.

We have concluded that this order ought not to be allowed to stand. At the outset, the plaintiff had his choice as between the two proper counties in which to bring his action.    These were Kings county, where he resided, and New York county, of which the defendant corporation was constructively a resident.    The plaintiff chose to lay the venue in Queens county, where it did not belong.    The defendant then exercised the statutory right of demanding and moving that the place of trial be changed to New York, as the proper county.    The plaintiff should not be allowed to defeat this application by now consenting to try the case in the county where he lives. ·  He elected not to try it there when he designated Queens county as the place of trial, and he should be held bound by that election, after the defendant has taken steps to have the venue changed to one of the two proper counties prescribed by the statute.    Such was the rule applied in Rector v. Ice Co., 38 Hun, 293, where a plaintiff who had laid the venue in a county in which neither party resided was not permitted to change it to the county in which he lived, by amending the summons and complaint, after the defendant corporation had given notice of a motion for a change to the county in which that corporation was located.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs.    All concur.